UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAMMY SNYDER wife of/and** | * | **DOCKET NO.** |
| **THOMAS SNYDER, JR.** | * | |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **DOVER BAY SPECIALTY INSURANCE** | * | **MAGISTRATE JUDGE:** |
| **COMPANY AND STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE COMPANY** | * | |

## JOINT NOTICE OF REMOVAL

Defendants Dover Bay Specialty Insurance Company and State Farm Mutual Automobile Insurance Company, appearing through undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### I. PROCEDURAL HISTORY

1.

Plaintiffs, Tammy Snyder, wife of/and Thomas Snyder, Jr. ("Plaintiffs"), filed this lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Dover Bay Specialty Insurance Company ("Dover Bay") and State Farm Mutual Automobile Insurance Company ("State Farm"), on March 6, 2023.  The case was captioned *"Tammy Snyder wife of/and Thomas Snyder, Jr. versus Dover Bay Specialty Insurance Company and State Farm Mutual Automobile Insurance Company"* Docket No. 2023-02313 Division N (*See* Petition, Citation and Proof of Service upon Dover Bay Specialty Insurance Company through the La. Secretary of State on April

1

13, 2023, Mailing of Petition by Secretary of State through Corporation Service Company on April 13, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on April 14, 2023, attached hereto and marked for identification as "Exh. A" PAGE 1 -10).

2.

State Farm has also been named a defendant but upon information and belief has not been served with plaintiffs' petition. State Farm joins Dover Bay in this removal.

3.

The petition alleges that "Defendant Dover Bay Specialty Insurance Company is a foreign insurer and a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company authorized to do and doing business in this Parish and State." (Exh. A. at p.5 ¶1). The petition alleges that "Dover Bay and/or State Farm provided homeowners coverage to plaintiffs that covered property damage to 6620 Avenue A, New Orleans, LA 70124 pursuant to Policy Number XLH171404 for the policy period September 10, 2021 through September 10, 2022." (Exh. A. at p.5 ¶1). The petition alleges "on March 21, 2022 a tornado made landfall in New Orleans, Louisiana causing extensive interior and exterior damage to the insured property due to high winds and rain." (Exh. A. at p.5 ¶3). The petition alleges "Assured Value Claims Public Adjusting, LLC prepared an estimate in the amount of $416,989.67 on behalf of plaintiff which was provided to defendants as a Sworn Statement in Proof of Loss." (Exh. A. at p.6 ¶5). The petition alleges "defendant is indebted unto petitioner for the following: a. The amount necessary to repair the damages to the insured building and property caused by wind and rain related to a tornado, which building damages have been estimated at $416,989.67 less amounts previously paid; b. A penalty in the amount of 50% on the amount found to be due petitioner, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892(1); c. Consequential damages suffered by

petitioners as a result of defendants' violation of the provisions of La. R.S. 22:1973A, such damages to include loss of use, deterioration of property during which it could not be repaired, as well as any other consequential damages that may be shows at the time of trial in this matter; d. A penalty pursuant to the provisions of La. R.S. 22:1793C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater. (Exh. A. at p.7 ¶11).

4.

Dover Bay and State Farm remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP**

5.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

6.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron*

*Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

7.

The petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000.00) DOLLARS, exclusive of interest and costs as Plaintiff specifically alleges "defendant is indebted unto petitioner for the following: a. The amount necessary to repair the damages to the insured building and property caused by wind and rain related to a tornado, which building damages have been estimated at $416,989.67 less amounts previously paid; b. A penalty in the amount of 50% on the amount found to be due petitioner, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892(1); c. Consequential damages suffered by petitioners as a result of defendants' violation of the provisions of La. R.S. 22:1973A, such damages to include loss of use, deterioration of property during which it could not be repaired, as well as any other consequential damages that may be shows at the time of trial in this matter; d. A penalty pursuant to the provisions of La. R.S. 22:1793C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater. (Exh. A. at p.7 ¶11). (Exhibit A. p.6 ¶20). Upon information and belief and without admitting and fault or liability, Plaintiffs have been paid $9,758.42 to date for their alleged losses referenced in Plaintiffs' complaint, making the amount in controversy well over $75,000.00 exclusive of interest and costs.

8.

Dover Bay is a foreign insurance corporation incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois. State Farm is a foreign insurance corporation incorporated on June 12, 1935, in the State of Illinois. State Farm has its principal place of business

in Bloomington, Illinois. Dover Bay and State Farm are citizens of the State of Illinois. Plaintiffs are residents of and domiciled in Orleans Parish in the State of Louisiana and citizens of Louisiana. The parties are diverse in citizenship.

9.

While Dover Bay and State Farm admit no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. Dover Bay and State Farm have met their burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### III.   DOVER BAY AND STATE FARM HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

10.

Dover Bay was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on April 13, 2023 (See Exh. A Service Return).  The Secretary of State forwarded the petition to Dover Bay on April 13, 2023. (See Exh. A. Letter from Secretary of State). The CSC received service of the pleading on behalf of Dover Bay on April 14, 2023. "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E. D. La. March

25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

11.

This Notice of Removal is filed within thirty (30) days after service of the petition on Dover Bay through its agent CSC on April 14, 2023.

12.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

13.

The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

14.

No previous application has been made by Dover Bay or State Farm for the relief requested herein.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by Dover Bay and State Farm to date, are attached hereto as Exhibit A, Bates Stamped EXHIBIT A PAGE 1 – 10.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Gerald Wasserman and Steven E. Psarellis, Counsel for Plaintiffs Tammy Snyder wife of/and Thomas Snyder, Jr., and the Clerk of Court for the Civil District Court for the

Parish of Orleans, State of Louisiana. No other process, pleadings, or orders have been served upon Dover Bay or State Farm.

## IV. CONCLUSION

15.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendants, Dover Bay and State Farm, have complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

16.

Dover Bay and State Farm reserve the right to supplement or amend this Notice of Removal.

17.

Dover Bay and State Farm reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to Dover Bay and State Farm.

18.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/Darrin M. O'Connor*
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
**DAVID J. CREIGHTON (35461)**
Porteous Hainkel & Johnson, L.L.P.
408 N. Columbia Street
Covington, LA 70433-2920
T: (985) 246-7454
F: (985) 246-7455
E: doconnor@phjlaw.com
   ahaddad@phjlaw.com
   dcreighton@phjlaw.com
*Counsel for Defendants Dover Bay Specialty Insurance Company and State Farm Mutual Automobile Insurance Company*

### CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 12th day of May 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiffs Tammy Snyder wife of/and Thomas Snyder, Jr. (Via Email)**
Gerald Wasserman
3939 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
T: (504) 846-5700
F: (504) 846-5719
E: galynn@wasslawfirm.com
Steven E. Psarellis
3939 N. Causeway Blvd., Ste. 100
Metairie, LA 70002
T: (504) 859-6777
F: (504) 524-0713
E: steven@psarellislaw.com
AND
Civil District Court for Parish of Orleans
Clerk of Court
421 Loyola Avenue Room 402
New Orleans, LA 70112
T: (504) 407-0000
F: (504) 592-9128

*/s/ Darrin M. O'Connor*
**DARRIN M. O'CONNOR**